Guerrero-Andachz v. Bondi
BIA
London, IJ
A220 308 941/942/943/944

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of September, two thousand twenty-five.

PRESENT:
JOSÉ A. CABRANES,
SARAH A. L. MERRIAM,
MARIA ARAÚJO KAHN,
*Circuit Judges.*

_____

OSCAR FABRICIO GUERRERO-ANDACHZ,* ANA BELEN ASMAL-PAUCAR, J.A.G-A., B.A.G-A.,†
*Petitioners,*

v.                                                          **23-7943**

**NAC**

_____

\* Our caption uses the agency's spelling of the petitioner's name for consistency with the agency records, but the correct spelling is Guerrero-Andachi. *See* Certified Administrative Record at 301, 309, and 313.
† We have used only initials to refer to the minor petitioners in this publicly accessible order, consistent with Federal Rule of Civil Procedure 5.2(a)(3) and Federal Rule of Appellate Procedure 25(a)(5).

**PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,**
        *Respondent.*

_____

**FOR PETITIONERS:**        Michael Borja, Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:**        Brian M. Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Jonathan S. Needle, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Oscar Fabricio Guerrero-Andachz ("Guerrero"), his wife Ana Belen Asmal-Paucar, and their minor children, all natives and citizens of Ecuador, seek review of a November 7, 2023, decision of the BIA affirming a September 26, 2022, decision of an Immigration Judge ("IJ") denying Guerrero's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Guerrero-Andachz, et al.*, Nos. A 220 308 941/942/943/944 (B.I.A.

---

[1] We principally refer to Guerrero because the remaining petitioners were named as derivative beneficiaries for asylum and did not file independent applications.

Nov. 7, 2023), *aff'g* Nos. A 220 308 941/942/943/944 (Immig. Ct. N.Y. City Sept. 26, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard," and questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

**I.     Asylum and Withholding of Removal**

To establish eligibility for asylum and withholding of removal, an applicant "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Id.* § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (applying asylum's "one central reason" standard to withholding of removal).[2] General crime and violence in a

---

[2] Although Guerrero argues that a different nexus standard applies to

3

country is not a ground for asylum and withholding of removal. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999). "The applicant must . . . show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005).

Guerrero first argues that the IJ erred in finding his proposed particular social groups not cognizable, but that argument is misplaced because the BIA declined to reach that issue and affirmed on the alternative ground that Guerrero failed to establish a nexus between his past and feared harm and his proposed particular "social group of witnesses who openly report criminal activity."[3] Petitioner's Br. at 6; *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule

withholding of removal, we have pointed out this binding precedent in multiple cases briefed by attorney Michael Borja. Petitioner's Br. at 10; *see, e.g., Chamba-Alvarez v. Garland*, No. 21-6072, 2023 WL 6439401, at *1 n.1 (2d Cir. Oct. 3, 2023) (citing *Quituizaca*, 52 F.4th at 114); *Acero-Guaman v. Garland*, No. 21-6606, 2024 WL 1734054, at *1 (2d Cir. Apr. 23, 2024) (same).

[3] Similarly, to the extent that Guerrero raises arguments about the likelihood of future harm or state action for asylum and withholding of removal, we need not reach those arguments because the nexus holding is dispositive. *See Bagamasbad*, 429 U.S. at 25.

courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Guerrero does not mention his proposed family-based particular social groups here, and has thus abandoned any claim premised on them. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in the appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)). Instead, he briefly asserts (without citation) that he was targeted because he "openly report[ed] criminal activity." Petitioner's Br. at 6. However, he does not explain how the record contradicts the agency's conclusion that the gang targeted Guerrero and other vendors in the area for the general criminal purposes of increasing its wealth and authority. *See Quituizaca*, 52 F.4th at 114–16 (record did not compel the conclusion that a protected ground was "one central reason" for gang abuse when circumstances suggested that the gang was motivated by ordinary criminal incentives). As the Government argues, that issue has thus been abandoned. *See Debique*, 58 F.4th at 684; *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Moreover, the record does not compel a conclusion contrary to the agency's. *See Edimo-Doualla v. Gonzales*, 464 F.3d 276, 282 (2d Cir. 2006) (reviewing nexus determination for substantial evidence). Consistent with the agency's conclusion that the gang acted on criminal incentives, Guerrero testified that, after the gang first approached him, other vendors told him that the same gang members had approached others in the same way (not that the gang singled out people who opposed them), and that gang members threatened and beat him because they wanted to frighten him and force him to sell drugs for them.[4]

**II.    CAT**

An applicant for CAT protection is not required to establish a nexus to a protected ground, but has the burden to demonstrate that it is "more likely than

---

[4] Guerrero's remaining arguments regarding the Ecuadorian government's role in the past abuse are misplaced because the agency did not—and was not required to—reach that issue. *See Bagamasbad*, 429 U.S. at 25; *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) ("To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." (quotation marks omitted)). Notably, however, Guerrero does not provide citations for his assertions that the police are corrupt and that his request for protection led to further persecution, Petitioner's Br. at 8; and the latter of those assertions is contrary to the record, as Guerrero never alleged that the gang learned that he requested police protection or that this request otherwise caused further persecution.

6

not" that he will be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity."  8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1).  A CAT claim thus involves a "two-step inquiry," requiring a showing of *both* likely torture *and* "sufficient state action."  *Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022).  Here, the BIA found that Guerrero's claim failed at both steps, but Guerrero only challenges the state-action finding, and he has thus abandoned any challenge to the dispositive finding that he failed to establish that he was more likely than not to be tortured.[5]  *See Debique*, 58 F.4th at 684.  The failure to challenge a dispositive basis for the agency's decision is fatal to the petition for review.

---

[5] Moreover, the argument Guerrero advances regarding state action is meritless. Without citation to relevant authority, he asserts that he should have been required to show only that the Ecuadorian government was unable or unwilling to help him, rather than that it would acquiesce to his torture.  Petitioner's Br. at 12–13.  But the CAT regulations expressly require harm "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity."  8 C.F.R. § 1208.18(a)(1); *see Scarlett*, 957 F.3d at 336 (leaving it to BIA to determine "how the 'unable' prong of the unwilling-or-unable standard, as applicable to withholding claims, might translate to identifying government acquiescence in torture").  Guerrero does not cite evidence supporting his threadbare assertion that the Ecuadorian government would acquiesce to his torture.

7

Given the issues with briefing by Petitioner's counsel, a copy of this order will be sent to this Court's Grievance Panel. As noted, dispositive issues have been abandoned, and the brief contains insufficient record citation and legal authority, *see* Fed. R. App. P. 28(a), and inaccurate legal and factual statements.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
